First case up this morning is 410-0928, Tri-Oil LLC v. Trident Resources Corporation. For the appellant, it is David Petchkall. Yes, sir. For the appellee, it is Jack Davis. Yes, sir. Okay. Mr. Valle, you may proceed, sir. Okay. Good morning, and may it please the Court? Yes, sir. I am Dave Valle. I'm here on behalf of Trident Resources Corporation. We're asking this Court to dissolve the preliminary injunction that was entered in this case that barred Trident from continuing to operate its saltwater disposal on the Chance Oil Lease and also further barred it from removing any of the equipment it had been using from that lease. We are asking the Court to do so for any of several different reasons. Initially, our argument is that the complaint in this case, the complaint for injunction, should have been dismissed, and on that basis, the injunction that was banned should be dissolved. The complaint that was filed lacked the specific factual allegations that are required for injunctive relief. Specifically, it lacked factual allegations establishing an inadequate remedy of law and also establishing irreparable harm. In reviewing the complaint that was filed with allegations that established those elements, they're just not there. With regard to an inadequate remedy of law, they've alleged the bankruptcy that was filed in 1989, more than 20 years ago now, apparently questioning Trident's financial stability on this basis, but there's nothing that would indicate in accordance with the Bowman v. Dixon theater renovation case that if there was eventually a judgment entered against Trident in this case, that it would be worthless. Trident's been in business now 22 years since the bankruptcy and they have substantial operations, as the evidence has shown, and there's just no indication that any judgment, if one ever was entered, would be worthless. With regard to irreparable harm, the only allegations they've got are with regard to things such as a possibility of liability issues based upon a possibility of a leak or spill. That is not the type of immediate danger of irreparable harm that's required to entitle a party to injunctive relief. They don't even explain how they would have those liability issues even if they did, the possibility of a spill or leak that they raised is a very remote issue. Trident has operated a lease for approximately 30 years without any serious incidents that they've seen a possibility. There's been no substantial or catastrophic leaks or spills of any kind during the time they've operated the lease. So for those reasons, it's our position under 2-615 that the complaint for injunction should have been dismissed. Also, under 619, we've raised the fact that TriOil LLC does not have standing to seek the injunctive relief that they filed for and that they were granted. What about the other plaintiff? The other plaintiff was not a party to the appeal and they were not a party to the initial complaint or during the hearing. There was an amended complaint filed and they sought a preliminary injunction. Right, but the amended complaint that was filed was filed... During the pendency and after the hearing that started on the preliminary injunction. Right, but the other party never participated in the hearings in any manner. Who was representing the other party? Mr. Davis is. So he's representing both parties? Right. But the amended complaint that was filed that brought the landowners in is also subject to a pending motion to dismiss for several reasons. One being that they had another pending action that was filed in 2008  among other things. So the amended complaint... The landowners amended complaint that brought them in that complaint has never been answered or responded to by Trident other than through the motion to dismiss. And that motion to dismiss has never been ruled on. So Trident has not responded to the amended complaint that brought the seagulls in. So to bootstrap standing based on that I think would be unfair to Trident at this point. But didn't you object to standing in the trial court? Yes we did. And as a result of that, isn't that why they amended the complaint and brought in the landowners? I don't believe so because we objected to standing on the initial complaint and that motion to dismiss was denied. And then the hearings on the preliminary injunction proceeded from that point and it was not until those hearings were underway that the amended complaint was filed. So it was not filed as a result of the trial court's ruling on the standing issue. In fact, after the motion to dismiss was denied we sought leave to take a 308 appeal to standing immediately but that motion was also denied. It seemed to me that the trial judge gave this case an awful lot of thought and came up with some fairly detailed analyses in support of its rulings. What part of those rulings should we not be prepared to accept? Talking specifically about the order that was entered, Your Honor? Well, not just the order but the findings the court made pertaining to this litigation. Didn't the court go into some great detail explaining what it was doing and why? Well, the preliminary injunction order set out what the court's findings were with regard to the elements. If we're talking about the standing issue now the order on the motion to dismiss... Well, don't we have to find essentially that the trial court used its discretion based upon the evidence it heard? No reasonable person could view this the way the court did? Well, not understanding it because that would be a question of law so that would not be an abuse of discretion. I'm talking about the overall picture. Well, with regard to... The planning of the injunction. With regard to whether the elements were established the court's findings on that, yes. But with regard... In this case there are also several, I think, questions of law with regard to whether the injunction is proper as well and whether the complaint should have been dismissed on its face I think is also one of those. The trial court made some fairly specific findings. First, that trial has an ascertainable right which is deserving of protection. Do you disagree with that? Yes, we do. How? Well, again, that kind of loops back to the standing issue again. If they don't have standing to seek the injunction obviously they don't have an ascertainable right. Well, I think that the ascertainable right gives them the standing. So let's talk about whether or not they've got an ascertainable right. Do they or do they not have a top lease? They do have a top lease, yes. How does that not give them standing? Well, because applicable case law says that basically establish that a top lessee does not have standing to seek... to maintain a trespass action and therefore wouldn't have the ability to obtain objective relief based on that alleged trespass. What court so said? That would be primarily the 5th District cases the Bates v. Mansfield case which basically held that a top lessee does not require legal rights under its lease until the prior lease is terminated. Well, we don't have to follow that case. Why should we? Why does that make good policy sense? Well, because it basically provides a workable framework for addressing these types of disputes. Well, but the top leaseholder has this lease and it's asserted that tri-oil like in a situation like this hasn't done anything and simply has lost its rights why shouldn't the top leaseholder be able to enforce its rights? Well, they can if they obtain a determination that trident leases have been terminated and that's... Why isn't that part of this proceeding? Well, I guess that would be a good question for tri-oil because they could have certainly Why isn't that part of the proceeding when they sought for the preliminary injunction to litigate that issue? Well, because they did not bring that cause of action. Well, they're doing it now as part of the preliminary injunction. Why isn't it an appropriate part of the preliminary injunction to say, hey, we're the top leaseholder and these folks don't have this interest? Because I don't believe that's an appropriate remedy to obtain through a preliminary injunction. Why? Why can't that be something to be litigated right now as part of the preliminary injunction proceeding? Well, because that is basically determining the ultimate result of the underlying litigation whether or not... Well, you have to determine not the ultimate result but the likelihood of success. Isn't that the criterion for, or at least one of the criteria for preliminary injunction? Yes. Okay, so the court says it looks to me like they're going to be successful. What's the matter with that? Well, you know, for one thing I don't think it would create a very stable environment for determining these types of cases. So, apparently Tri-Oil has to sue go through the process of trying to get a ruling on whether the lease, Trident's lease is any good and however long that takes then when they have succeeded in that then they can seek the preliminary injunction. Is that the series of events you believe the law requires? Yes, if in fact they obtained the determination that Trident's lease was terminated, Trident then still refused to vacate the lease and cease its operations. Why does that make sense? They have to require that additional step. The law seems to be slow enough as it is, Mr. Powell. Why shouldn't they be able to litigate that issue as part of the preliminary injunction? Well, because I think you're determining matters that really aren't appropriate for a summary proceeding like a preliminary injunction by doing that. In this case they... Well, this really wasn't a summary proceeding, was it? The trial court took evidence, witnesses testified? Isn't that correct? There was evidence taken, yes. And a few days worth of testimony, wasn't there? Right, but it was not a full trial on the validity of Trident's leases and whether they're going to be terminated. I mean, it was not, you know... Wasn't it enough for the court to conclude that the likelihood of success on behalf of Tri-Oil was present? Well, I mean the court made that determination. The evidence wasn't sufficient to support it regarding the lease question? Well, I mean, we can see that the evidence that was presented, you know, raises a reasonable inference that they could... But they should have taken a couple years first and litigated the lease question separately. Well, I don't think it would take a couple of years. Well, however long it takes, the law requires that it be done separately for whatever reason. Well, I believe it does under, you know, the... Because the 5th District says so. Well, the 5th District and also, I mean, the Illinois Supreme Court in the Ragsdale case with regard to whether you know, what party can maintain a trespass action and a top lessee, as Tri-Oil is until they terminate Trident's leases is not going to have the possessory or title interest to maintain that action. But isn't that the base of their claim that Trident's oil lease terminated by their abandonment of the oil production on the lease? Well... And so therefore the top lessee's rights are already in place. Isn't that their theory? Well, that's their theory, but it's our position that they got to that... I mean, their theory doesn't recognize the legal realities. Well, you disagree with the facts or whatever the evidence is. You disagree with that. But if that's their theory and the court found there was evidence, at least some evidence to support that they would succeed ultimately, why doesn't Tri-Oil then have standing to protect its possessory interest as the top lessee? Well, because the fact that they may ultimately terminate those leases doesn't... I mean, it would establish a reasonable likelihood of success on the merits of that part of litigation, but it would not give them it would not give them standing of legal rights that they did not yet possess. Well, I think that's as you can see, the three of us have a question about that issue because it seems to me if you say there's a reasonable likelihood based on the evidence that they'll succeed on the merits then you're saying that they as the top lessee have a superior right to Trident who has the court has concluded at least some evidence shows they've abandoned that lease so as to give the top lessee the rights. Why doesn't that confer standing at least for purposes of the preliminary injunction so that they can protect whatever interest it is that they have until the court can hear everything? Well, I think because it I mean I think it could potentially create a potential chaos because then you've got I suppose Trident I suppose also would have could seek a preliminary injunction to keep Tri-Oil off the lease pending a determination of their lease rights because I think Trident could also raise an inference that they may have a reasonable chance of success on that issue as well especially due to the fact that lease has not been terminated. I think one thing to keep in mind Tri-Oil is claiming that this lease should have been terminated 10 years ago but they've not no one has accomplished that yet and I don't think I would take issue with that because I think Judge Kavanaugh's order did accomplish that. I think Judge Kavanaugh did find that Trident had abandoned the production on that lease and that by the terms of their lease when they abandoned their lease terminated. Right and I think that I mean I think we would take issue that that the trial court cannot make that legal ruling in the context of a preliminary injunction hearing. Why not? Because you're again that's determining the ultimate you know the ultimate resolution of the litigation. Well it's also determining a gateway issue to the issuance of an injunction. I mean the court found as a matter of fact and as a matter of law that Trident had abandoned its lease on that what is it? Chance property. That's the gateway issue that the court had to decide. Well I mean that's one of the gateway issues. But it was undisputed wasn't it that oil production ceased in 2001 on the Chance lease? Right the oil production we have not that is not in dispute. And isn't it correct that under the terms of the lease if you ceased production the lease terminated? Well that provision is in there there are other issues that Trident has raised in its answer that again have not been litigated yet. I guess what I'm getting at there was a prima facie case that based on the terms And again we're not disputing that there is a reasonable chance what they presented raises that and we took the position that for purposes of preliminary injunction that hearing is not the place to present all the evidence and arguments as to whether their leases might be valid that is to be determined under the other It seems to me that that's the linchpin issue and if you're going to dispute the question of whether or not Trident's lease terminated by inactivity that is the absolute gateway issue to start this whole litigation. That's the basis of the whole litigation. So the time to litigate that is when you're in court before Judge Kavanaugh Right, but I don't think he cannot issue a preliminary injunction unless he finds that Tri Oil has a superior right. It's absolutely implicit But all they have to do is raise a prima facie case. I mean the preliminary injunction The trial court has to engage in a fact-finding process before it can issue any kind of injunctive relief and Judge Kavanaugh did that. He found facts He found that Trident had abandoned the lease and that Tri Oil as a top lessee had A standing and B the right to enforce its rights I'll give you a chance to quickly respond to Justice Appleton if your time is otherwise up Okay I mean I guess I can't disagree with what was found but I think beyond being the, I mean it's an issue but it's not the sole issue as to whether the injunction was proper and I guess unfortunately we didn't have time to address the other four factors that also we would take issue with You can address this again Roberto Thank you Mr. Davis Good morning May it please the court Counsel counsel My name is Jack Davis. I represent try oil in this case in this appeal For the last 10 years tried resources has done nothing other than to use the chance farm as a dumping ground for waste The waste of course is the saltwater produced from the Filoni production That Waste has been disposed of rent-free By trying there has been no benefit to the mineral interest owners a chance There has been no benefit to try oil LLC most importantly and most significantly There's been no benefit, but an actual harm that has been occasioned to the chance lease itself It has left chance in a tenuous situation at best and with a very dim prognosis as to the future capability to produce oil as The court pointed out there is no dispute That the last production of oil the last time oil came out of the formations on chance was June 2001 that is rock-solid that is something that cannot be controverted and is a wreck It is with that premise that we proceed to the next step in the argument And that is that instead of doing the right thing? Trident didn't do anything it took a do-nothing approach It didn't plug the wells it didn't remove its equipment It didn't vacate the lease and it certainly did nothing and there is no evidence of reasonable diligence to resume Production of oil on the chance lease not only within 60 days as is required by their 1980 lease But frankly for the following nearly 10 years Those facts are undisputed Your honors this case is really no different than a renter of an apartment in an apartment building or Complex whose lease term is up. He or she decides to leave the apartment to buy a house But whatever reason that renter who is now a homeowner decides They don't want to pay for trash service anymore or at all at the new house So what they do is they take their trash bags They go back to the apartment complex in the middle of the night They dump their trash down the trash chute into the communal dumpster without paying for it Why dumping is illegal the renter of the apartment has no right to because his or her lease has expired Under those situations it would be a trespass under that hypothetical be a trespass the law would not allow another example This weekend as I'm raking the gumballs for my sweet gum tree out of my yard The temptation is there to take the bag and dump it on the neighbor's property because frankly most of the gumballs are his anyway But at the end of the day I can't do that that infringes upon his property rights and to make that hypothetical Aggravated or worse if my neighbor came out in the yard and said hey Davis quit Your trash on my property and I continued in light of that adverse claim against that claim of my neighbor that I was infringing upon His rights the law would not allow It's a trespass This case is no different than those two hypotheticals that I've proposed The honors The trial court in this case did not abuse its discretion in finding that the requisite elements have been approved by preponderance of the evidence For entry and order of the preliminary injunction against trial To reverse the trial courts order in this case would be tantamount to this court saying We are going to run against the grain of well-established oil and gas law in this state We are going to find that our policy with regard to oil and gas law is that we are going to encourage and promote a And essentially act like with all due respect a child By saying I don't want to play with this toy But nobody else can play with it either Because that's what's happened from June 2001 Until the present work with regard to the chance lease and I suggest that such a result your honors respectfully is absurd Because the public policy of this state when it comes to oil leases is to prevent development capture production and sale of oil from a lease It is in no way shape or form the policy of this state and of these courts in the state To say we promote you taking the do-nothing approach It is for those reasons generally speaking your honors That the trial court's decision was correct as to not only the denial of the motion to dismiss pursuant to 615 and 619 Which I will speak to in a minute, but also To the finding that the requisite elements of the preliminary injunction were proved by a preponderance of the evidence Mr.. Davis do take it you agree with mr. Hall that the only party on appeal is try oil and not the seagulls that's correct That's correct, and justice Pope. I will take my argument a little bit out of order, but to address that issue one of the questions that you asked was Or a series of questions revolved around the amended complaint and the seagulls being the mineral interest donors essentially What I read into the question was How is the interplay or what is the interplay between the seagulls and try oil as it regards? title or the ability to have standing to bring these claims and Again taking it out of order. I apologize for jumping around Essentially if one accepts Triton's argument that try oil doesn't have standing, but the seagulls do an absurd result occurs Going all the way back to I believe 1908 or 1909 There's well-established case law from the Supreme Court and the first case that we found was the Carter versus Cairo Railway case which involved the flooding of a coal mine over in Vermillion County I think it was a fourth district field that the flooding Breach of contract defendant who caused the flood of this coal mine argued that the right of action was not the coal lessee Who had the right of action it wasn't his or her interest their company's interest? but rather it was the owner of the property that leased the coal rights the mineral rights to The the mineral interest lessee and in that case the Supreme Court was very clear And there's some very good language in that opinion that says to suggest that there's not a separate and independent right For the coal company who is the lessee to assert its rights in a court of law? It is ridiculous that they are separate distinct and severed rights And as the case law developed over the years justice spoke in your honors The lessee versus Fulton oil and all of the cases that cite the lessee are clear that a lessee Has an interest that is identifiable. It's a freehold interest in property and That lessee can take steps to protect its interest not only from an adverse lessee but an adverse lessee's actions that are deemed to be Tantamount to waste or would result in irreparable harm as a matter of fact With the Gillespie versus Fulton oil case the Supreme Court said and I believe that was in 19 forgive me I'm not sure exactly. I think it was 1943 No, thank you. No wait. I'm sorry There's another Gillespie case in 1908 The Supreme Court said ejectment will not lie and that equity had jurisdiction To prevent waste and irreparable injury in one in a case involving one lessee against an adverse lessee It's also interesting to note that in Gillespie the defendant in that case claimed that they had an adequate remedy in law But the court soundly rejected that and said no there's irreparable harm There's potential for waste and we're going to intervene and enjoin this conduct so the answer to the question is to suggest that The mineral interest owners the seagulls have a right of action But tribe oil is somehow barred from the courthouse to enforce its property interests and its lease rights From irreparable harm and from the very real danger that exists That the chance farms not going to be able to produce any oil at all into the future is Something that is the bedrock of how standing evolves and how if you will the footings of the foundation that gives Try oil the access to the courthouse that it deserves that it has And with regard to standing The other really flawed logic Franklin and respectfully to counsel with regard to the standing argument is that The only way the only type of standing that try oil has is to bring a declaratory judgment action first Then once it goes through the steps of getting the DJ action and in order if it's successful on the DJ action Then maybe at that point we can get to the idea of discussing Whether or not a preliminary injunction or permanent injunction is appropriate that just doesn't make sense There's no provision in the code of civil procedure that I'm aware of that limits a party From bringing one action as opposed to another now the facts of the case of course would limit The right to bring an action We're not going to sue tried and resources for a product liability claim or or some strict liability design defect. Hey, that's just not the case But to suggest that we can't bring an action Other than just asserting a declaratory judgment action Not only it doesn't make sense, but it runs afoul of the stated policy of courts in Illinois that an oil lease Exists to produce oil it doesn't foster the do-nothing approach. What about the fifth district case? sure Council's brief Triton's brief relies heavily upon three cases Belden versus Tristar Which I think is the most recent the Ragsdale case Ragsdale versus Clark I believe and then the third one is the Bates versus Mansfield decision, so let's talk All right Number one Belden actually supports trial oils position and does not support the position Of tried and resources in this case let me explain if I can Belden was an action by a top lessee just like this Belden involved a three count complaint declaratory judgment Injunction and a punitive damages complaint I believe it was on the second amended complaint that was actually submitted to the trier fact for termination And that was considered on appeal It was a 1938 lease That had sat idle for at least seven years keep in mind less period of time than we have here the facts of record The court looked at the facts of the case found based upon the well-established law of automatic termination That the lease was expired on its own terms Automatically it terminated and That on remand when they sent the case back to the trial court Proceedings should be Carried out to a have a judicial finding that the lease was terminated and be That further proceedings on the injunction count and on the press excuse me the punitive damages count should be had in comport with that decision counsel cites to Belden Because there's some dicta in Belden about Ragsdale and about trespassing and they cite Belden for the proposition that We can't rely on a trespassing count to gain access to the courthouse It's simply not the case If you look at Ragsdale Ragsdale was very convoluted set of facts involving I think 45 different parcels that were unitized in a very remote Mineral interest owner not an oil company under a valid lease planning another lease was expired who was challenging title the appellate court in Ragsdale dismissed the plaintiffs complaint because a procedural defect For the plaintiffs failure to join all of the necessary and indispensable parties in the litigation Nothing more nothing less To suggest that there's some leap of logic that could be made that says that in no circumstances Can a top lessee bring an action for trespass is just a misconstruction of the case And as far as Bates versus Manfield Mansfield is concerned That's a very interesting case to the second part of a two-part piece of litigation the first case Schnell versus Hudson involved a lease termination action Or one side claim that the other lease was no good anymore Kind of like we claim the preliminary injunction here through lack of production in that case the trial court in Schnell Part one specifically found that there was no termination because activity on one part of the lease Constituted a resumption or a resuming of activity on the south part of the lease the 40 acre parcel North 20 South 20 activity on the North 20 allowed a valid lease for the South Different facts on Bates the court found that there had to be an expirate an expired lease In order to have the top lessee be able to bring the cause of action and because Schnell had already found that the lease wasn't expired It was it was the the it was circular was the the tail wagging the dog Schnell Set the framework for Bates in this case your honors and frankly at the end of the day if this court Determines that Gillespie versus Wagner Lowe versus Marsh, which is a fourth district case Edwards versus dome and all of the other cases We've cited regarding automatic termination don't apply Try oil loses case close go home The other hand if this court determines that the automatic termination jurisprudence that exists and frankly is Undisputed it exists. It's good case law That a lease through non-production expires on its own terms the tridents Mr.. Hall seemed argue That this case was unusual or unique because it involved a preliminary injunction in which the Ongoing validity of a lease was being adjudicated is he right no he's not right Respectfully, I don't think he's right Mr.. Hall alluded to I believe what it was either couch as an affirmative defense or Arguing in a motion to dismiss that somehow Continuation of operations on Filoni there's two two parcels chance on the south Filoni on the north That somehow continuation of production on Filoni between 2001 and the present date Served to allow the least somehow become revived keep in mind just a segment that it is absolutely clear in the Gillespie vs Wagner case in all of the cases that deal with automatic expiration or lease termination that once a lease is dead It can't be resuscitated You can't breathe life back into it after that 60-day period or it's kind of upon the lease whether 60 days or 90 days or a Year, whatever most of them are 60 days. They're boilerplate pieces But once you don't do anything within that 60 days Technically on the 61st day if you haven't exerted reasonable diligence to go out and revive that lease through resumption of production Gone Lisa's gone so at the end of the day the analysis focuses on really the prong of the the requisite elements for the injunction of whether or not there's a likelihood of success on the merits of the case and I agree justice Appleton that one of the linchpin Issues is whether or not this lease has expired excuse me expired and Frankly, I don't think that we prove that by proponents of evidence. I think it's been proved Almost certainly There's been no evidence to refute in fact. It's admitted to request permission that no oil was produced And as far as any claim of affirmative defense with Filoni restoring a breathing life back into chance which can't happen There was also evidence presented that there were gaps as long as three years on Filoni where nothing was done there There was no electricity There was no sale there was nothing and I think that was from and the record will speak for itself But like September of oh one until oh four So I hope that addressed your question just I'm moving on to the elements If I may With regard to The elements of the of the injunctive relief the ascertainable right that must be protected Dovetails with this issue of standing it flows from two things Contract common law The contract of course is the lease giving trial oil the exclusive right to explore capture develop produce They can't do that if someone else is devaluing the property and disallowing them the chance to do it to it flows from the common law and Everyone's inherent right including my neighbor including the apartment complex and those hypotheticals to be free from trespass to be free from illegal conduct Those two sources and I'm moving on because I'm running out of time And the holdings in Gillespie versus Fulton and the Pickens versus Adams case are all Conclusive as to the issue of whether or not there is an ascertainable, right? Irreparable harm this court in Hadley versus Department of Corrections Analyze the issue of whether or not an inmate who was assessed a $2.00 copay Was going to have irreparable harm Great language in the decision talking about continued approach encroachment Continued likelihood that that inmate whenever he went to the infirmary was going to have more $2.00 copays No matter whether or not there's an insignificant amount of money or even a mere threat of harm irreparable harm prong the Irreparable harm prong is satisfied even through the showing of a mere threat of loss of sales or profits Which we've done here by an overwhelming manifest weight of the evidence as evidenced by the record and Those cases are supported by the Gannett versus outdoor In the other cases involving loss of sales and remarriage of Georgia No active remedy of law. There's absolutely no dispute here. There were a number of wells in the plugging fund It costs money to plug wells. They weren't doing it The reason when they weren't doing it is because it's easier to allow a piece of property to become free storage for your rusted Decrepit equipment than it is to pay for plugging wells. Why couldn't you sue them for that some other action? Sue them for what for the damage to the property or to your top lease well You could sue them in another action, but I think it all comes back to the issue of what I've called damages tab Trident has Continuously asserted whether expressly or impliedly that we can just do what we want to do and throw it on our tab And then we come back later And we can deal with it in one fell swoop in front of 12 people in Sangamon County a jury trial well It's almost like the personal injury plaintiff who's in a car accident and and during the course of the of the case You know heals from his or her injuries Does that person still have a prime officiate case of duty breach causation and damages? Thank you counsel your time's up. Thank you Mr.. Holly may speak in rebuttal You Thank you Just trying to address some of the things mr.. Davis brought up This Case I you know getting beyond the standing issue in and the Whether the complaint should have been dismissed for 615 or 619 by the way How do you appeal the denial of the motion to dismiss? How does how is that Reviewable by this court Well, it's it's oh, it's not the denial of the motion dismisses not review about by this for specifically It's only boarding to appeal it. I'm sorry aren't you purporting to appeal that no We're not we're not purporting to feel that the the denial of the motion dismissed We're just I mean, I think we're entitled to raise the standing issue and and and I think we are entitled With regard to the junction count yes, I think we're but the injunction is different, but I mean right I think we're I think we're telling to appeal the denial of motion dismissing junction count not the other parts of the complaint But this case really I mean comes down to whether the the four factors the pleading requirements in the four factors for Injunctive relief really have any meaning anymore  Well likelihood of success Leaving aside the whether the lease is terminated. I think the the other aspect of the injunctive relief that we'd like to address is the Try it being barred from removing its equipment from the chance lease Once the injunction was granted I believe that the the case law establishes and tried and leases established that they are going to be allowed to Take their equipment if the lease is in fact terminated so I think that that that aspect of the injunctive relief even if the Bar from operating their saltwater disposal well as upheld what did the trial judge say about removing the property I? Mean it was barred from I mean it was including injunction. I what it was his explanation for them Well, I don't think that there is a I don't think that the order contains a good explanation as to what the Why there would be irreparable harm if that was removed And I don't think in in trial's response for you that they even argued that there would be irreparable harm In the event to try it was allowed to remove the equipment And I think the only thing the order touched on with regard to inadequate remedy at law with that would be You know again the 1989 bankruptcy And wells and plugging fun, but the I don't think that there's any any inadequate remedy at law there again as far as irreparable harm I don't think that the order Includes any finding on that. I don't think that that trial has even attempted to argue that there would be some irreparable harm from the equipment removal With regard to the Belden case we we address that it's seven and eight eight seven and eight in our reply brief, but Just to clarify that was a case that was brought by a cop lessee That was a that was an action to declare the prior lease terminated exactly what we said trial should have done here and the course discussion there discussed why Distinguishing the decision in Ragsdale, which was a trespass case it said that Specifically saying the complaint here in Belden is okay, because it's not a trespass action It's an action to declare the prior lease terminated which a top lessee can bring But by implication a top lessee could not have brought that a trespass action which You know is a different case. I think Belden does clearly support what we Say would be the you know the appropriate route when it goes back obviously I mean if there is a declaratory judgment action terminating the lease obviously when it goes back You know again assuming that pride in didn't at that point you know vacate the lease You know that I think preliminary injunction proceeding would be pretty simple because at that point your lease is terminated As the evidence shows if the lease if there's a judicial determination at least it's terminated the Department of Natural Resources revokes your well permit so Obviously you know if tried it then said oh you've revoked our well permits and obtained a termination of leases terminated We're still going to operate well operating well at that point there at that point They are operating illegally, and they are clearly trespassing, but I don't think that until that happens that there is any You know any basis to say that okay? Thank you counsel your time is up. We'll take this round of advising the recess for a few moments